```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| MIKE COSTELLO, | CIVIL ACTION NO. 05-1018 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| TRANSPORTATION SECURITY ADMINISTRATION, et al., |  |
| Defendants. |  |

**THIS MATTER ARISING** on the Court's order to show cause why the complaint should not be dismissed for lack of jurisdiction under 28 U.S.C. § ("Section") 1331 (3-7-05 Ord. to Show Cause); and the plaintiff pro se bringing this action to recover damages for "age discrimination," "race discrimination," and fraud (Compl. at 2-3); and the plaintiff alleging — without more — the defendants' actions "are a violation of Federal Law" (id. at 3); and the Court reviewing jurisdiction sua sponte, see Fed.R.Civ.P. 12(h)(3) (stating court shall dismiss complaint if jurisdiction appears lacking); and

**IT APPEARING** the plaintiff, even though filing a complaint pro se, must comply with minimum pleading standards, Fultz v. Neighborhood Leg. Servs., 654 F.Supp. 881, 884 (W.D. Pa. 1987), Walker v. Comay, 640 F.Supp. 195, 196 (W.D. Pa. 1986); and the complaint failing to allege (1) the specific federal law forming the basis for federal-question jurisdiction under Section 1331,

or (2) dates for the occurrences underlying the purported causes of action; and it appearing the mere possibility of federal issues being involved will not give rise to federal jurisdiction, <u>Fran. Tax Bd. v. Constr. Lab. Vac. Tr.</u>, 463 U.S. 1, 9-12 (1983); and the Court being concerned federal law does not "create[] the cause of action" as to these claims, <u>id.</u> at 27-28, <u>see</u> <u>Blum v. Seiler Corp.</u>, No. 92-2317, 1992 WL 177021, at *2 (E.D. Pa. July 17, 1992) (granting motion to dismiss because plaintiff failed to clarify basis for federal jurisdiction); and the Court concluding the body of the complaint fails to conform to the Federal Rules of Civil Procedure, <u>see</u> Fed.R.Civ.P. 8-10, <u>see</u> <u>Becker v. Muriel Siebert & Co.</u>, No. 97-1370, 1998 WL 209620, at *1-*2 (S.D.N.Y. Apr. 29, 1998) (granting motion to dismiss breach-of-stock-purchase-contract claim for lack of jurisdiction since it did not present federal question); and it thereby appearing the complaint fails to give "fair notice of what the plaintiff's claim is and the grounds upon which it rests," <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957), <u>see</u> <u>Simmons v. Cmty. Serv. Providers</u>, 847 F.Supp. 351, 352-53 (E.D. Pa. 1994) (granting motion to dismiss with leave to amend <u>pro</u> <u>se</u> complaint, as complaint insufficient to enable defendant to bring defense); and

    **THE COURT ADVISING** that the complaint would be dismissed for lack of jurisdiction under Section 1331 unless the plaintiff (1) asserted properly the basis for jurisdiction here, and (2)

complied with the pleading requirements of the Federal Rules of Civil Procedure; and

**THE PLAINTIFF FAILING** to respond to the Court's inquiry; and thus the Court intending to dismiss the complaint for lack of jurisdiction under Section 1331; and good cause appearing, the Court will issue an appropriate order and judgment.

                                            s/ Mary L. Cooper
                                            **MARY L. COOPER**
                                            United States District Judge